1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15

| | |
|---|---|
| PAUL ZARAGOZA,<br><br>                             Plaintiff,<br>    vs.<br><br>MIKE MARTEL, et al.,<br><br>                         Defendant. | CASE NO. 09cv1598-DMS (WMc)<br><br>REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE RE: RESPONDENT'S MOTION TO DISMISS |

16
17
18
19

     This Report and Recommendation is submitted to United States District Judge Dana M. Sabraw pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

20

**<u>INTRODUCTION</u>**

21
22
23
24
25

     On July 22, 2009, Paul Zaragoza ("Petitioner"), a California state prisoner, filed a Petition for Writ of Habeas Corpus ("Pet.") by a Person in Custody pursuant to 28 U.S.C. § 2254. [Doc.No. 1.] Respondent Mike Martel ("Respondent") has filed a Motion to Dismiss ("MTD") arguing: (1) the Petition contains unexhausted claims, it is unexhausted because no federal claim was presented to the California Supreme Court. [Doc. No. 8.]

26
27

     Respondent has lodged portions of the state court record [Doc. No. 8-2.] Petitioner has not filed an Opposition, or in the alternative, a Motion for Stay and Abeyance.

28

     For the following reasons, the Court finds all claims except one presented in the Petition

1  are unexhausted.  The Court therefore recommends Respondent's Motion to Dismiss be

2  GRANTED to the extent it seeks dismissal of the Petition as a mixed petition pursuant to *Rose v.*

3  *Lundy*, 455 U.S. 509 (1982).

4  **STATE PROCEEDINGS**

5        On January 19, 2006, Petitioner was convicted after a jury trial of first degree robbery (Cal.

6  Pen. Code §§ 211, 212.5(a)), carjacking (Cal.Pen. Code § 215(a)), residential burglary (Cal

7  Pen.Code §§ 459, 460), assault with a semi-automatic firearm (Cal. Pen. Code §§ 12021(a)(1)),

8  and possession of a firearm by a felon (Cal. Pen. Code § 12021(a)(1)).  On March 17, 2006,

9  Petitioner filed a direct appeal with the state appellate court (D048251). The state appellate court

10  denied Petitioner's appeal on April 16, 2008.  On May 21, 2008, Petitioner continued his round of

11  direct review by filing with the California Supreme Court (S163785).  The disposition date of that

12  appeal was June 25, 2008.

13  **DISCUSSION**

14  **Exhaustion Requirement**

15        The court must first address whether Petitioner's federal habeas petition is exhausted. *See*

16  *Rose v. Lundy*, 455 U.S. 509,510 (1982).  The exhaustion of available state judicial remedies is

17  generally a prerequisite to a federal court's consideration of claims presented in habeas corpus

18  proceedings, and a petition containing unexhausted claims may be subject to dismissal.  28 U.S.C.

19  § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 522 (1982); *McQueary v. Blodgett*, 924 F.2d 829, 833

20  (9th Cir. 1991).  The exhaustion requirement is satisfied when a petitioner provides the state courts

21  with a "fair opportunity to apply controlling legal principles to the facts bearing upon his [or her]

22  constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  The state courts are thus assured

23  of the "initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal

24  rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Wilwording v. Swenson*, 404 U.S.

25  249, 250 (1971)).  The  burden is on Petitioner to show his or her federal habeas petition satisfies

26  the exhaustion requirement. *Rose*, 455 U.S. at 519.

27        On direct appeal, Petitioner raised the following four claims before the California Court of

28  Appeal: 1) insufficient evidence supported his burglary conviction because he did not enter the

victim's trailer to obtain his car keys; 2) insufficient evidence supported his carjacking conviction because he did not take the vehicle from the person or immediate presence of the victim; 3) ineffective assistance of counsel for failing to explain the significance of a witness' testimony in closing argument; and (4) imposition of an upper term sentence for carjacking without a jury trial violated his constitutional rights. [Lodgement 3.] On April 16, 2008, Petitioner's direct appeal was denied.  Thereafter, on May 21, 2008, Petitioner appealed one claim on direct review to the California Supreme Court: Petitioner's upper term sentence for carjacking violated his constitutional rights. [Lodgement 7.]  Petitioner's habeas petition contains the following four claims: 1) insufficient evidence existed to support his burglary conviction; 2) ineffective assistance of counsel; 3) insufficient evidence existed to support his carjacking conviction; and 4) imposition of the upper term for carjacking violated his constitutional rights. [Doc. No.1 at 13-25.] Accordingly, it is recommended the Court find the record demonstrates Petitioner's habeas petition is mixed.

**Stay and Abeyance As An Alternative**

Respondent contends Petitioner's petition should be dismissed because he has not fully exhausted all claims within his petition.  Alternatively, Respondent argues Petitioner must elect to abandon his unexhausted claims and proceed with his exhausted claims. [MTD at 6.]  In the instant case, Petitioner has not responded to Respondent's Motion to Dismiss.  Moreover, as noted above, the Court has preliminarily determined the petition contains unexhausted claims.  Therefore, in order to avoid the Court dismissing the petition, Petitioner may choose one of the following options:

i) Demonstrate Exhaustion

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claims the Court has determined are likely unexhausted.

ii) Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims.  Petitioner may then file a new federal petition containing only exhausted claims.  *See Rose v. Lundy*, 455 U.S. 509, 510, 520-21 (stating that a petitioner

1  who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his

2  claims").

3      **Petitioner is cautioned that any new federal petition must be filed before expiration of**

4  **the one-year statute of limitations.**  Ordinarily, a petitioner has one year from when his

5  conviction became final to file his federal petition, unless he can show statutory or equitable

6  "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[1]  The statute

7  of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C.

8  § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  But see *Artuz v. Bennett*,

9  531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and

10  acceptance [by the appropriate court officer for placement into the record] are in compliance with

11  the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir.

12  2005) (holding that a state application for post-conviction relief which is ultimately dismissed as

13  untimely was neither "properly filed" nor "pending" while it was under consideration by the state

14  court, and therefore does not toll that statute of limitations), *as amended* 436 F.3d 993.  However,

15  absent some other basis for tolling, the statute of limitations continues to run while a federal

16  habeas petition is pending. *Duncan*, 533 U.S. at 181-82.

17      iii) Formally Abandon Unexhausted Claim(s)

18      Petitioner may formally abandon his unexhausted claim(s) and proceed with his exhausted

19  one(s).  *See Rose*, 455 U.S. at 510, 520-21 (stating a petitioner who files a mixed petition may

20

21      [1] 28 U.S.C. § 2244(d) provides:

22  (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run  from the latest of--

23      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

24      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

25      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

26

27      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

1   "resubmit [] the habeas petition to present only exhausted claims").

2   Petitioner is cautioned, once he abandons his unexhausted claim(s), he may lose the ability

3   to ever raise them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating a

4   court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition

5   successive); see also 28 U.S.C. § 2244 (a)-(b).[2]

6   ### iv) File a Motion to Stay the Federal Proceedings

7   Petitioner may file a motion to stay this federal proceeding while he returns to state court to

8   exhaust his unexhausted claim(s). There are two methods available to Petitioner, the "stay and

9   abeyance" procedure and the "withdrawal and abeyance" procedure.

10   If Petitioner wishes to use the "stay and abeyance" procedure he should ask the Court to

11   stay his mixed petition while he returns to state court to exhaust. Under this procedure he must

12   demonstrate there are arguably meritorious claim(s) which he wishes to return to state court to

13   exhaust, that he is diligently pursuing his state court remedies with respect to those claim(s), and

14   that good cause exists for his failure to timely exhaust his state court remedies. *Rhines v. Weber*,

15   544 U.S. 269, 277-78 (2005).

16   If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily

17   withdraw his unexhausted claims, ask the Court to stay the proceedings and hold the fully

18   exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission

19   to amend his petition to include the newly exhausted claims after exhaustion is complete. *King v.*

20   *Ryan*, 564 F.3d 1133 (9th Cir. May 5, 2009). Although under this procedure Petitioner is not

21   required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claim(s)

22   must be either timely under the statute of limitations or "relate back" to the claim(s) in the fully-

23   exhausted petition, that is, they must share a "common core of operative facts" with the previously

24   _____

25   [2] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:

26   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

27   (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

28   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

1   exhausted claims(s).  *King*, 564 F.3d at 1143, quoting *Mayle v. Felix*, 545 U.S. 644, 659 (2005).

2

3

4   **CONCLUSION**

5       For the foregoing reasons, IT IS HEREBY RECOMMENDED:

6       1. Respondent's Motion to Dismiss be **GRANTED**;

7       2. The petition be **DISMISSED** for failure to exhaust all claims presented; and

8       3. Petitioner be granted thirty days in which to exercise one of his options presented

9   herein.

10      IT IS ORDERED that no later than **July 26, 2010**, any party to this action may file written

11  objections with the Court and serve a copy to all parties.  The document should be captioned,

12  "Objections to Magistrate Judge's Report and Recommendation."

13      IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court

14  and served on all parties no later than **August 9, 2010**.  The parties are advised that failure to file

15  objections within the specified time may result in a waiver of the right to raise those objections on

16  appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *see also*

17  *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

18

19  DATED:  July 5, 2010

20

21                                  Hon. William McCurine, Jr.
                                    U.S. Magistrate Judge
22                                  United States District Court

23

24

25

26

27

28