# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ZARAGOZA,<br><br>         Petitioner,<br> vs.<br><br>MIKE MARTEL, et. Al.,<br><br>         Respondent. | CASE NO. 09cv01598-DMS (WMc)<br><br>REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE RE: PETITIONER'S MOTION TO STAY |

This Report and Recommendation is submitted to United States District Judge Dana M. Sabraw pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

## I. INTRODUCTION

On January 19, 2006, Paul Zaragoza ("Petitioner") was convicted after a jury trial of first degree robbery (CAL. PENAL CODE §§ 211, 212.5(a)), carjacking (CAL. PENAL CODE § 215(a)), residential burglary (CAL. PENAL CODE §§ 459, 460), assault with a semi-automatic firearm (CAL. PENAL CODE §§ 12021(a)(1)), and possession of a firearm by a felon (CAL. PENAL CODE §§ 12021(a)(1)).

**A. State Court Proceedings: Direct Appeal**

On March 17, 2006, Petitioner filed a direct appeal with the state appellate court in which he raised four claims (D048251). He claimed: (1) insufficient evidence supported his burglary conviction because he claims he did not enter the victim's trailer to obtain his car keys; (2)

insufficient evidence supported his carjacking conviction because he claimed he did not take the vehicle from the person or immediate presence of the victim; (3) ineffective assistance of counsel for failing to explain the significance of a witness's testimony in closing argument; and (4) imposition of an upper term sentence for carjacking without a jury trial violated his constitutional rights. (Lodgment 3.) The state appellate court denied Petitioner's appeal in an 11-page opinion on April 16, 2008. (Lodgment 6.) On May 21, 2008, Petitioner sought further direct review from the California Supreme Court on only one issue, his fourth: whether his upper term sentence for carjacking deprived him of his constitutional rights. (Lodgment 7.) On June 25, 2008, the California Supreme Court denied his petition for review. (Lodgment 8.)

**B.     Federal Court Proceedings: Petition for Writ of Habeas Corpus**

On July 22, 2009, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") by a person in custody pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) In his Petition, Petitioner included the same four grounds for relief he alleged to the state appellate court. On November 9, 2009, Respondent Mike Martel ("Respondent") filed a Motion to Dismiss, arguing that the Petition was "mixed" - i.e. containing both exhausted and unexhausted claims. (Doc. No. 8.) On July 6, 2010, Magistrate Judge William McCurine, Jr. issued a Report and Recommendation to District Judge Dana M. Sabraw recommending that the Court (1) find the Petition is "mixed," (2) provide Petitioner with a list of options on how to proceed, and (3) grant the motion to dismiss. (Doc. No. 12.) On August 26, 2010, Judge Sabraw issued an Option Order adopting in part and denying in part the recommendation. (Doc. No. 13.) [hereinafter "Order"]

**C.     Judge Sabraw's Option Order**

In his Order, Judge Sabraw provided Petitioner with four options: (1) demonstrate exhaustion of the three unexhausted claims, (2) voluntarily dismiss his entire Petition and return to state court to exhaust, (3) formally abandon unexhausted claims and proceed with his exhausted claim, or (4) file a motion to stay the federal proceedings while exhausting unexhausted claims in state court. (Doc. No. 13.) On September 17, 2010, Petitioner chose the fourth option provided, to stay the federal proceedings. (Doc. No. 14.) Respondent filed a Response in opposition of Petitioner's Motion to Stay on October 12, 2010. (Doc. No. 16.)

## II.   PETITIONER'S MOTION FOR STAY & ABEYANCE

On September 17, 2010, Petitioner filed a motion requesting "Stay and Abeyance" for his "mixed" Petition.  In his motion, Petitioner requested a stay and abeyance to exhaust his unexhausted claims.  (Doc. No. 14.)  The stated goal of his motion was to "eventually raise as <u>exhausted</u> claims" those which were previously unexhausted.  (Doc. No. 14.)  In addition, Petitioner included in his motion a request for a copy of the original Petition and also attached documentation attempting to prove his indigence. (Doc. No. 14.)  The government filed a response in opposition of Petitioner's motion on October 12, 2010.  (Doc. No. 16.)

### A.   Two Stay Options: (1) Stay & Abeyance, or (2) Withdrawal & Abeyance

In his order, Judge Sabraw outlined the two methods available to Petitioner to stay the federal proceeding: (1) the "stay and abeyance" procedure, and (2) the "withdrawal and abeyance" procedure.  (Doc. No. 13.)  As explicitly articulated by the Ninth Circuit in *King*, these two methods are separate and distinct procedures for "staying" federal proceedings in the context of "mixed" habeas corpus petitions.  *King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009).

In the Response filed in opposition of Petitioner's Motion to Stay, Respondent alleged that, regardless of the stay method Petitioner selected from the Order - whether it be a "stay and abeyance" procedure or a "withdrawal and abeyance" procedure - both should be denied by the Court.  (Doc. No. 16.)  Respondent asserted that any claim Petitioner makes for "stay and abeyance" fails for lack of good cause, and that any claim Petitioner makes for "withdrawal and abeyance" fails because the unexhausted claims do not "relate back" to the exhausted claims.  (Doc. No. 16.)

#### i.   "Stay and Abeyance" from *Rhines*

The "stay and abeyance" procedure is one where a petitioner asks a federal court to stay, or hold, a mixed petition in its entirety while the petitioner returns to state court to exhaust the unexhausted claims.  *Rhines v. Weber*, 544 U.S. 269 (2005).  The test, or threshold inquiry, for whether or not a petitioner is entitled to this type of procedure is articulated in the *Rhines* case. *Rhines*, 544 U.S. at 277-278.  Under the *Rhines* standard,  to be entitled to "stay and abeyance," a petitioner must demonstrate (1) that "there are arguably meritorious claim(s) which he wishes to

return to state court to exhaust, (2) that he is diligently pursuing his state court remedies with respect to those claim(s), and (3) that good cause exists for his failure to timely exhaust his state court remedies." (Doc. No. 13 (citing *Rhines*, 544 U.S. at 277-278).)

### ii. "Withdrawal and Abeyance" from *Kelly*

The "withdrawal and abeyance" procedure is a three-step process where a petitioner (1) voluntarily withdraws the unexhausted claim(s) from his habeas petition in federal court, (2) asks a federal court to stay the proceedings and hold the fully-exhausted, remaining petition in abeyance while he returns to the state court to exhaust, and then, (3) once his previously unexhausted complaints are now exhausted, a petitioner returns to federal court to seek permission to amend his petition to include the newly exhausted claim(s). *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009) (citing *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002)). This process is commonly known as the "Kelly Procedure." *King*, 564 F.3d at 1136. Although this procedure does not require a petitioner to demonstrate good cause for his previous failure to timely exhaust, as explained by Judge Sabraw, the Kelly Procedure requires "the newly exhausted claim(s) either be timely under the statute of limitations or 'relate back' to the claims in the fully-exhausted petition." (Doc. No. 13 (citing *King*, 564 F.3d at 1143).) To "relate back" to claims found in the fully-exhausted petition, the claims must share a "common core of operative facts." *King*, 564 F.3d at 1143 (citing *Mayle v. Felix*, 545 U.S. 644, 659 (2005)).

### B. Petitioner appears to have chosen the "Stay and Abeyance" option pursuant to *Rhines*.

From the caption of Petitioner's motion - "Request for Stay and Abeyance for Mixed Petition" - it appears Petitioner elected the *Rhines* "stay and abeyance" procedure provided to him as an option in Judge Sabraw's Order. (Doc. No. 14.)

#### i. Petitioner's motion fails because he did not demonstrate good cause.

As noted above, *Rhines* establishes the requirements petitioners must meet for an order to stay and abey a mixed habeas petition. Here, Petitioner's motion contains nothing more than a bare-bones request to stay and abey while he returns to state court. Indeed, nowhere in Petitioner's moving papers does he address the three main components described in *Rhines* despite Judge Sabraw's specific order requiring such a showing. (Doc. No. 14.)

1     Since Petitioner alleges no facts in support of his motion for stay and abeyance, he fails to meet the *Rhines* standard. Accordingly, it is recommended his motion should be denied.

    **C. Assuming *arguendo* that Petitioner is attempting to assert the "Withdrawal and Abeyance" procedure articulated in *Kelly*, his motion still fails because his unexhausted claims do not "relate back" to his already exhausted claims.**

    Although appearing on its face to be a motion for "stay and abeyance," a brief review of the alternative option seems justified because "withdrawal and abeyance" was the alternative option provided to Petitioner in Judge Sabraw's Order. As noted above, a "withdrawal and abeyance" is commonly known as the three-step Kelly Procedure. Although this procedure does not require a petitioner to demonstrate good cause for failing to timely exhaust, it does require that newly exhausted claims either be timely under the statute of limitations or "relate back" to the claims in the fully-exhausted petition.

    Here, Petitioner filed a petition involving four claims - one exhausted and three unexhausted. As previously determined, Petitioner's sole exhausted claim is claim number four. In this claim, Petitioner alleged, with respect to the carjacking, his constitutional rights were violated by the imposition of an upper term sentence without a jury trial. This was the only claim presented to the California Supreme Court. Petitioner's three unexhausted claims are as follows: (1) insufficient evidence supported his burglary conviction because he claims he did not enter the victim's trailer to obtain his car keys; (2) insufficient evidence supported his carjacking conviction because he claimed he did not take the vehicle from the person or immediate presence of the victim; and (3) ineffective assistance of counsel in closing argument for failing to explain the significance of certain testimony.

    As the moving party, Petitioner bears the burden of presenting or demonstrating these other claims "relate back." *See generally King*, F.3d at 1135-43. In his motion, Petitioner fails to demonstrate, or assert any facts to support, how his unexhausted claims "relate back" to his sole exhausted claim. Because Petitioner carries the burden and because Petitioner fails to offer any argument or analysis, he does not satisfy the necessary threshold for invoking the Kelly Procedure.

///

///

### III. CONCLUSION & RECOMMENDATION

For the reasons stated herein, Petitioner cannot support his motion under either *Rhines* or *Kelly*. Therefore, it is recommended Petitioner's motion for a stay be **DENIED**.

It is further recommended Petitioner be given thirty days (30) to dismiss the unexhausted claims and proceed on the single remaining claim that is exhausted, or his petition may be dismissed in its entirety as a mixed petition. *Rose v. Lundy*, 455 U.S. 509 (1982).

**IT IS ORDERED** that no later than **February 23, 2011** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **March 9, 2011**. The parties are advised failure to file objections within the specified time may result in a waiver of the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *see also Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: January 31, 2011

_____

**Hon. William McCurine, Jr.**
**U.S. Magistrate Judge**
**United States District Court**