# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ZARAGOZA AKA G. GARCIA,<br><br>　　　　　　　　　　Petitioner,<br><br>　vs.<br><br><br><br>MATTHEW CATE,<br><br>　　　　　　　　　　Respondent. | CASE NO. 09cv1598 DMS (WMC)<br><br>**ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) GRANTING REQUEST TO DISMISS UNEXHAUSTED CLAIMS AND (3) REQUIRING RESPONSE**<br><br>**[Docket Nos. 14, 17, 19]** |

On July 22, 2009, Petitioner Paul Zaragoza ("Petitioner"), a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 9, 2009, Respondent filed a motion to dismiss the petition on the grounds that some of Petitioner's claims were unexhausted. On July 6, 2010, Magistrate Judge William McCurine, Jr. issued a Report and Recommendation ("R&R"), recommending that the Court (1) find the petition is "mixed," *i.e.*, it contains exhausted and unexhausted claims, (2) provide Petitioner with a list of options on how to proceed, and (3) grant the motion to dismiss. This Court adopted the first two recommendations and provided Petitioner with a list of options on how to proceed with his case.

In response, Petitioner filed the present motion for a stay and abeyance. The Magistrate Judge has issued an R&R recommending that the Court deny the motion and give Petitioner the further option

to dismiss his unexhausted claims and proceed with his unexhausted claim or risk having his case dismissed. This Court, having reviewed *de novo* the Magistrate Judge's R&R, and there being no objections filed thereto, adopts the recommendation to deny the motion for a stay and abeyance.

After the R&R was issued and the time for filing objections had expired, Petitioner filed a request to dismiss his unexhausted claims and proceed with his one exhausted claim. There being no objection, and good cause appearing, the Court grants that request. Accordingly, the Court dismisses without prejudice Petitioner's first through third claims for relief. As to Petitioner's fourth claim, **IT IS HEREBY ORDERED**:

1. Respondent shall file and serve an answer to the Petition, <u>and a memorandum of points and authorities in support of such answer</u>, pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **May 19, 2011**. At the time the answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claim. The lodgments shall be accompanied by a notice of lodgment which shall be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**." Respondent shall not combine separate pleadings, orders or other items into a combined lodgment entry. Each item shall be numbered separately and sequentially.

2. Petitioner may file a traverse to matters raised in the answer no later than **June 20, 2011**. Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered. No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

3. A request by a party for an extension of time within which to file any of the pleadings required by this Order should be made in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request shall be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

4. Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's traverse is due.

///

5. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

6. Petitioner shall immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

DATED: April 19, 2011

HON. DANA M. SABRAW
United States District Judge